UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VANESSA FLORES**,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**NISSAN NORTH AMERICA, INC.**, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 8:25-CV-00859-SRM-JDE<br><br>**ORDER TO SHOW CAUSE REGARDING NOTICE OF PLAINTIFF'S ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 68 [14]** |

　　　　Defendant Nissan North America, Inc. filed a Notice of Plaintiff's Acceptance of Defendant's Offer of Judgment Pursuant to Federal Rules of Civil Procedure, Rule 68. Dkt. 14. Under Federal Rule of Civil Procedure 68(a), the parties have resolved this matter and have agreed that Nissan will pay Plaintiff Vanessa Flores $46,665.50. Dkt. 14-1 ¶ 2. This amount represents the price of the allegedly defective vehicle, including all incidental and consequential damages and civil penalties. *Id.* The parties have also agreed that Flores will retain the right to move for attorneys' fees and costs under California Civil Code § 1794(d) at some unspecified time in the future. *Id.* ¶ 3.

　　　　Federal Rule of Civil Procedure 68 provides as follows: "If, within 14 days after being served [an offer to allow judgment on specified terms], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of

acceptance, plus proof of service. The clerk must then enter judgment." *See* Fed. R. Civ. P. 68(a). Considering the terms of the offer and that this action was brought pursuant to the Song-Beverly Consumer Warranty Act, the Court declines to enter judgment at this time. Rather, the Court is inclined to issue a single judgment based on Nissan's Rule 68 offer, to include both the $46,665.50 and any attorneys' fees and costs awarded. *See* Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as *part of the judgment* a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.") (emphasis added)); *see also Shaw v. Ford Motor Co.*, 2020 WL 57273, at *6 & n.4 (C.D. Cal. Jan. 3, 2020) (determining the appropriate amount of fees and costs in a case where a Rule 68 offer had been made in which the defendant offered $15,000 in fees or for a court-determined amount of fees, and the plaintiff chose the latter, with the court expressly noting that "[n]o judgment has yet been entered in this case").

As the Rule 68 Offer includes that Flores may elect to have the Court determine attorneys' fees, costs, and expenses recoverable in this case, including whether they are recoverable and the amounts by noticed motion, the Court **ORDERS** as follows:

1. The parties shall **SHOW CAUSE** as to why a single judgment that includes fees and costs should not be issued;
2. If the parties come to an agreement on the issue of fees and costs, they should file a stipulation regarding entry of judgment on or before **September 12, 2025**;
3. If the parties cannot agree on the issue of fees and costs, Flores shall file an appropriate motion on or before **September 12, 2025**;
4. Failure to file an appropriate document or seek other appropriate relief by September 12, 2025, will result in the court entering judgment in favor of Flores and against Nissan in the amount of $46.665.50

pursuant to the parties' compromise, with no fees or costs awarded; and

5. All deadlines and proceedings in this case shall be **VACATED** and taken off calendar.

**IT IS SO ORDERED.**

Dated: August 12, 2025



HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE